IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RALPH S. JANVEY | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-16-3355 |
| | * | |
| PETER ROMERO | * | |
| | ****** | |

## MEMORANDUM

Ralph S. Janvey, in his capacity as a court-appointed receiver for the Standford International Bank, Ltd., (the "Receiver"), has filed an appeal from an order entered by the Bankruptcy Court denying the Receiver's motion to dismiss pursuant to 11 U.S.C. §707(a). The issues have been fully briefed. The order of the Bankruptcy Court will be affirmed.

The debtor is Peter Romero. Romero held several positions in the United States Department of State, including US Ambassador and Assistant Secretary of State. He served in the Department of State for approximately twenty-five years. Upon his retirement, a number of companies sought his consulting services to utilize his knowledge and experience with doing business in Central America, South America, and the islands in the Caribbean. Among the several companies that him hired was Stanford Financial Group.

Romero was a consultant for Stanford for approximately seven years. He received $700,000 for his consulting services over the years. In truth, Stanford was operating a Ponzi scheme. Immediately upon learning of the fraud allegations against Standford, Romero resigned his position as an international advisor and severed all ties with Standford. Janvey was appointed as the receiver for Stanford.

Janvey filed suit against Romero.  Following a jury trial, the United States District Court for the Northern District of Texas entered judgment against Romero avoiding all of the advisory fees that had been paid to him.  Romero appealed to the Fifth Circuit which affirmed the judgment.

Romero attempted to settle the judgment entered against him.  Janvey made no counter offers.  Apparently, it did not do so because Janvey had claims against many other defendants, and he sought to use Romero – the first individual to be sued – as an example of what would happen if a defendant defended the Receivers' claims.

Romero filed Chapter 7 bankruptcy proceedings.  Although the primary reason for filing the bankruptcy proceedings was for protection against the judgment obtained against him by Janvey, there were other reasons as well, including legal fees, his wife's mounting medical expenses that required substantial out-of-pocket payments and future legal fees.

The Romeros own a home located on the waterfront in St. Michael's, Maryland.  They also own a condominium in Washington, DC, and a townhouse in Alexandria, Virginia.  They owned a 1987 Mercedes Benz convertible and two sailboats.  Romero worked with the Trustee to have the Mercedes and one of the boats sold at auction, and he and his wife (who owned the second boat as tenants by the entirety) surrendered the second boat to pay his creditors, including Janvey.  Romero and his wife also own a number of exempt assets.  The validity of the exemptions are not challenged by Janvey.

Romero's wife is a lawyer with the law firm of Greenberg, Traurig, LLP, and represented clients with respect to international and commercial law matters.  She contracted bacterial meningitis and encephalitis while working for a non-profit in South America.  She is now incapacitated, has lost motor skills, is permanently disabled, and unable to practice law.  Her

condition required modification to the Romero's home in St. Michael's to accommodate her wheelchair, an on-site caregiver, and payment of uninsured medical expenses.

Judge Catliota denied Janvey's motion to dismiss the bankruptcy case in a sixteen page opinion. Although the Fourth Circuit has not expressly ruled upon the issue, Judge Catliota assumed that "bad faith" could constitute "cause" for the dismissal of the bankruptcy case under 11 U.S.C. §707(a). However, applying the eleven criteria set forth in *McDow v. Smith*, 295 B.R. 69 (Bankr. E.D. Virginia 2003), Judge Catliota found that Romero had not acted in bad faith in filing the bankruptcy case. His findings are supported by substantial evidence, and they are entitled to "substantial deference" and should "not be disturbed absent a clear abuse of discretion." *United States v. Russell*, 971 F.2d 1098, 1104 (4th Cir. 1992).

In effect, Janvey contends that Romero is living a lavish lifestyle, and that his assets should be used to repay the victims of the Stanford Ponzi scheme. In fact, the Bankruptcy Court found that "the debtor lives a comfortable, but not exorbitant lifestyle." Moreover, reduced to its essentials, the Receiver's position is that Romero should use his exempt assets to pay the judgment the Receiver obtained against him. This is not the law. *See In re McVicker*, 546 B.R. 46 (N.D. Ohio 2016): the "Bankruptcy Code does not confer 'general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad faith conduct.'" *Id.* at 58. *Cf. Law v. Siegel*, 134 S. Ct. 1188 (2014). As explained in *McVicker*, "a 707(a) dismissal based upon an ability to pay using exempt property would be doing indirectly that which the Supreme Court has prohibited bankruptcy courts from doing directly – putting a constraint on exemptions without a clear statutory basis." *Ibid*.

For these reasons the order entered by the Bankruptcy Court will be affirmed.

Date:   January 30, 2017          __/s/_____
                                  J. Frederick Motz
                                  United States District Judge